THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 2:07-cr-00002-MR-WCM-3

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> GREGORY MICHAEL McMAHAN, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion for compassionate release [Doc. 101]. The Government opposes the Defendant's motion. [Doc. 105].

**I.   BACKGROUND**

In October 2007, the Defendant Gregory Michael McMahan was convicted of one count of possession of pseudoephedrine with intent to manufacture methamphetamine and one count of conspiracy to manufacture, distribute, or possess with intent to distribute or dispense methamphetamine. The Court sentenced him to a total of 262 months of imprisonment and a term of eight years of supervised release. [Doc. 48]. The Defendant is currently housed at FCI Butner Medium I, and his projected

release date is July 18, 2026.[1] The Defendant now seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) due to a number of chronic medical conditions. [Doc. 101].

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, the Government concedes that the Defendant has exhausted the necessary administrative remedies. Accordingly, the Court will proceed to address the merits of the Defendant's motion.

As is relevant here, the Court may reduce a defendant's sentence under § 3582(c)(1)(A)(i) "extraordinary and compelling reasons" if "such reduction is consistent with applicable policy statements issued by the

---

[1] See https://www.bop.gov/inmateloc/ (last visited Sept. 22, 2020).

Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Sentencing Guidelines § 1B1.13 is the Sentencing Commission's policy statement applicable to compassionate release reductions.[2] See U.S.S.G. § 1B1.13. As is pertinent here, this policy statement provides that the Court may reduce a term of imprisonment after considering the § 3553(a) factors if the Court finds that (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

---

[2] The policy statement refers only to motions filed by the BOP Director. That is because this policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not permitted to file motions under § 3582(c). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239. In light of the statutory requirement that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the Court concludes that this policy statement applies to motions filed by defendants under § 3582(c)(1)(A) as well. See United States v. Taylor, -- F. App'x --, 2020 WL 5412762 (4th Cir. Sept. 9, 2020) (reversing denial of defendant's compassionate release motion where district court failed to consider the policy statement set forth in § 1B1.3 and its comments).

3

Case 2:07-cr-00002-MR-WCM   Document 108   Filed 09/23/20   Page 3 of 8

The application note to § 1B1.13 specifies the types of circumstances that qualify as "extraordinary and compelling reasons." First, the defendant's medical condition can qualify as a basis for relief if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia," U.S.S.G. § 1B1.13, cmt. n.1(A)(i). The defendant's medical condition can also qualify as an extraordinary and compelling reason if the defendant is:

> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

Here, the Defendant asserts that a compassionate release is warranted due to various medical conditions. Specifically, he asserts that he is awaiting surgery for the repair of multiple hernias; that he has an unidentified mass on his left kidney; and that he has fungus in his esophagus, which causes further medical issues. While the Court does not intend to

4

diminish the seriousness of the Defendant's medical conditions, none of the conditions identified is terminal or debilitating. The BOP medical records provided by the Government indicate that the Defendant is receiving appropriate medical treatment at Butner. The issues with his esophagus appear to be well-controlled. [See Doc. 105-1 at 77]. Additionally, the Defendant's hernia was surgically repaired since the filing of his motion. [Id. at 26-27]. The medical team at Butner is monitoring the kidney mass, but it is very small (approximately 7 mm) and it is not causing discomfort. [Id. at 75-79].

The Defendant does not specifically reference the current COVID-19 pandemic in his motion. Even if he did, however, that would not change the Court's analysis. As the Court of Appeals for the Third Circuit recently noted, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).[3] For all these reasons,

---

[3] See generally Federal Bureau of Prisons, COVID-19 Action Plan (Mar. 13, 2020, 3:09 PM), https://www.bop.gov/resources/news/20200313_covid19.jsp.

the Court concludes that the Defendant has failed to establish an "extraordinary and compelling reason" for a sentence reduction under § 3582(c)(A)(1)(i).

Even if the Defendant could establish an extraordinary and compelling reason for his release, the Court would still deny the Defendant's motion because it appears that the Defendant would continue to pose a danger to public safety if released. Under the applicable policy statement, the Court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2). Additionally, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

Here, the Defendant's current sentence is sufficient but not greater than necessary given the nature of his criminal conduct. He and his co-defendants were caught in the Nantahala National Forest in a vehicle containing supplies used to cook methamphetamine. [Doc. 104 at 4]. The Defendant admitted to producing methamphetamine at another location, where law enforcement officers later located chemicals and other items used to produce methamphetamine. [Id. at 4-5]. The site was toxic, so the SBI

had to contract with a hazardous materials disposal company to clean the area and dispose of the chemicals. [Id. at 5].

Additionally, the Defendant has a significant criminal history. At sentencing he had 18 criminal history points, well in excess of what was required for him to attain criminal history category VI. [Doc. 104 at 14]. His prior convictions include first-degree burglary while armed with a firearm, first-degree escape from a county jail that involved assaulting a guard, felony breaking and entering, and felony possession of methamphetamine. He also has a history of violating the conditions of probation, including drug use and repeated failure to report to his probation officer. [Id. at 8-12].

Further, the Defendant has incurred a number of disciplinary infractions at BOP since his conviction, including multiple occasions of fighting or assaulting others; possessing a dangerous weapon; possessing drugs, alcohol, or other intoxicants; and threatening or being insolent toward staff members. [Doc. 105-2 at 1-5]. His conduct while at BOP demonstrates the continued need for punishment in order to promote respect for the law, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the Defendant.

For all these reasons, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that analysis of the relevant § 3553(a) factors weigh in favor of his continued incarceration.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion for compassionate release [Doc. 101], is **DENIED**.

**IT IS SO ORDERED.**

Signed: September 23, 2020

Martin Reidinger
Chief United States District Judge

8

Case 2:07-cr-00002-MR-WCM   Document 108   Filed 09/23/20   Page 8 of 8