# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 2:07-cr-00002-MR-WCM-3

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| GREGORY MICHAEL McMAHAN, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's letter [Doc. 117], which the Court construes as a request to alter the Defendant's restitution payment schedule.

In his motion, the Defendant asks the Court to modify the restitution payments that he is required by the Bureau of Prisons to make through the Inmate Financial Responsibility Program (IFRP). [Doc. 117].

The Bureau of Prisons has the authority to place the Defendant in the IFRP based on the wording contained in the Criminal Judgment.[1] See United

---

[1] In his letter, the Defendant contends that there is a "discrepancy" in his Judgment, in that the Judgment requires him to pay $50.00 per month upon his release but also requires that payments begin immediately. [Doc. 117 at 1]. The Judgment clearly states, however, that the payment of $50.00 monthly installments is to begin immediately (as

States v. Watkins, 161 F. App'x 337, 337 (4th Cir. 2006); Bramson v. Winn, 136 F. App'x 380, 381 (1st Cir. 2005). Before seeking relief from any court regarding obligations under the IFRP, a defendant must exhaust all administrative remedies through the Bureau of Prisons. McGhee v. Clark, 166 F.3d 884, 887 (7th Cir. 1999). Once all administrative remedies have been exhausted, a defendant may challenge such payments only by filing the appropriate pleading in the district court located in the district of confinement, not the sentencing court. See Moore v. Olson, 368 F.3d 757, 759 (7th Cir. 2004); Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir. 2002).

**IT IS, THEREFORE, ORDERED** that the Defendant's letter [Doc. 117], which the Court construes as a request to alter the Defendant's restitution payment schedule, is **DENIED**.

Signed: November 11, 2022

**IT IS SO ORDERED.**

Martin Reidinger
Chief United States District Judge

---

provided for in Subsection B), and that this obligation is combined with the obligation to continue to make such payments upon his release (as provided for in Subsection D). [Doc. 48 at 5].

2